**GRIGGS & ADLER, P.C.**
ATTORNEYS AT LAW
2513 FOWLERS LANE
RESTON, VIRGINIA  20191-2101
(703) 716-2863  FAX (703) 716-2865
E-Mail:griggsandadler@comcast.net

DEBRA BETH ADLER +
JOHN WYETH GRIGGS*
+ Admitted DC, VA--RETIRED
* Admitted AK, DC, FL, VA

December 23, 2020

VIA ECF

The Honorable Analisa Torres
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

*Re: **Danielle P. Barger v. Peter L. Malkin, et al.**, No. 20 Civ. 09991 (AT) (RWL)*

Dear Judge Torres:

    Pursuant to Section III(A) of the Court's Individual Practice Rules, we submit this pre-motion letter on behalf of Respondents Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Laurence Adler and Shirley Adler, Trustees of the Adler Family Trust, Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, the Empire State Liquidity Fund LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy Tamis ("Additional Respondents").  The Additional Respondents seek leave to file a motion to drop parties under Rule 21, Fed. R. Civ. P.

    On November 18, 2020, the Additional Respondents wrote a letter to Mr. Baez, counsel for Petitioner, asking that he drop from his petition the parties that he named as Additional Respondents.  Respondents by definition are adverse parties to petitioning parties, and the Additional Respondents are not adverse to Petitioner on the substantive issue of affirming the arbitration.  Petitioner seeks no relief from the Additional Respondents and states no cause of action against them.  The Additional Respondents therefore are improperly joined as respondents.  In addition, only six of the Additional Respondents were served prior to removal, and two have not to this day been served.  None of the Additional Respondents has filed a responsive pleading.

    While Additional Respondents are not adverse to Petitioner, their interests are adverse to Respondents Peter L. Malkin, Anthony E. Malkin, Thomas N. Keltner and Malkin Holdings LLC.

    On December 15, 2020, the Court issued an Order responding to a joint letter filed on December 7, 2020, in which the Petitioner agreed with Respondents Peter L. Malkin, et. al., to schedule briefing for a motion to remand.  The eight Additional Respondents were not parties to the joint letter.

Hon. Analisa Torres
December 23, 2020
Page 2

      The issue of whether to confirm the arbitration award raised by the instant petition is before this Court in a separate docket for the Petition to Vacate in Part and Otherwise Confirm filed by Peter L. Malkin, et al., Docket No. 2020 Civ. 09874, to which the Additional Respondents are or will be parties. In that case, the Additional Respondents are adverse to the Petitioners and will oppose the petition to vacate. A remand of the Barger Petition with Additional Respondents as parties would require them to make the same case twice and would be costly, inefficient, cumulative, wasteful of resources, and possibly result in inconsistent rulings.

      Rule 21 allows the Court, on motion or on its own, to drop at any time a party who is misjoined. *LeBlanc v. Cleveland,* 248 F.3d 95, 98 (2d Cir. 1999). Accordingly, the above-named eight Additional Respondents respectfully request that the Court on its own drop them as parties or, in the alternative, grant leave to file a motion to drop parties under Rule 21.

      Respectfully submitted,

Peter M. Levine
*Counsel for Additional Respondents*

John W. Griggs
*Pro Hac Vice Counsel for Additional Respondents*