USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/27/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE P. BARGER, TRUSTEE OF THE
EDELMAN FAMILY DECEDENT'S TRUST,

                    Petitioner,

PETER L. MALKIN, ANTHONY E.
MALKIN, THOMAS N. KELTNER, JR,
and MALKIN HOLDINGS, LLC,

                    Respondents,

-against-

VIRGINIA SHASHA AND VIVIENNE PERO,
CO-TRUSTEES OF THE VIOLET SHUKER
SHASHA TRUST, LAURENCE ADLER AND
SHIRLEY ADLER, TRUSTEES OF THE
ADLER FAMILY TRUST, MYRNA JOY
EDELMAN, TRUSTEE OF THE 2006
GILBERT M. EDELMAN INTER VIVOS
TRUST, EMPIRE STATE LIQUIDITY FUND,
LLC, MARY JANE FALES, MELVYN H.
HALPER' PHYLLIS J. HALPER, and
WENDY S. TAMIS,

                    Additional Respondents.

20 Civ. 9991 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner, Danielle P. Barger, brings this proceeding to confirm a final arbitration award (the "Award") issued by the American Arbitration Association, resolving a dispute between her and Respondents Peter L. Malkin, Anthony E. Malkin, Thomas N. Keltner, Jr., and ESRT MH Holdings L.L.C. Pet. ¶ 1, ECF No. 1-1. Petitioner further names Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Laurence Adler and Shirley Adler, Trustees of the Adler Family Trust, Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, Empire State Liquidity Fund, LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy S. Tamis as "Additional Respondents," all of whom were parties to the arbitration proceeding

between Petitioner and Respondents. *Id.* ¶¶ 5, 11–20. On March 4, 2021, the Additional Respondents filed a motion to be dropped as parties from this proceeding, arguing that they were improperly joined as adverse parties. ECF Nos. 17–18.

In an order dated September 27, 2021, the Court entered judgment confirming the Award in a related proceeding between the same parties. *See* Order at 13–14, No. 20 Civ. 9874, ECF No. 62. The Court further ruled on the parties' requests for post-Award, pre-judgment interest, post-judgment interest, attorneys' fees, and costs. *Id.* Because the Court has already ruled on the relief requested by Petitioner in the instant proceeding, the matter is moot. *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (finding that a case is moot "when it is impossible for the court to grant any effectual relief . . . to a prevailing party" (citation and emphasis omitted)). The Court, accordingly, lacks subject matter jurisdiction and must dismiss the case. *Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1998).

Accordingly, the petition to confirm the Award is DISMISSED as moot. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: September 27, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge